## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VITOR CASILLO,**

        **Plaintiff,**

**v.**                            **Case No:  6:16-cv-721-Orl-18TBS**

**KALUAH TOURS OPERATOR, INC.,**
**a Florida corporation, FABIANA**
**RIBIERO, an individual, and MANUELA**
**CARVALHO, an individual,**

        **Defendants.**

_____/

### DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, KALUAH TOURS OPERATOR, INC., FABIANA RIBIERO AND MANUELA CARVALHO (the "Defendants"), by and through their undersigned counsel, hereby answers the Complaint of Plaintiff, Vitor Casillo ("Casillo"), as follows:

### INTRODUCTION

1.    Admitted that the Plaintiff is seeking damages in excess of $15,000.00.  The Defendants deny that the Plaintiff is entitled to any amount.

2.    Admitted that this purports to be an action brought pursuant to the Fair Labor Standards Act (the "FLSA"), and Section 448.08 of the Florida Statutes.  Denied that the Defendant violated these laws.

3.    Denied that this purports to be a claim under the FLSA and the Private Sector Whistleblower Act ("WBA").  Denied that the Defendants violated these statutes and that the Plaintiff is entitled to any relief.

**JURISDICTION**

4.      Admitted that the United States District Court for the Middle District of Florida has jurisdiction over the Plaintiff's claims.

5.      Admitted that venue is proper in the United States District Court for the Middle District of Florida, Orlando Division.

**PARTIES**

6.      Denied that the Defendants retaliated against the Plaintiff.

7.      Admitted.

8.      Admitted.

9.      Admitted that Defendant Ribiero has a residence in Orange County, Florida and is listed as a Director of Defendant Kaluah.  Denied that Defendant Ribiero was the Plaintiff's employer under the FLSA.

10.     Admitted that Defendant Carvallo has a residence in Orange County, Florida and is listed as a Director of Defendant Kaluah.  Denied that Defendant Carvallo was the Plaintiff's employer under the FLSA.

**GENERAL ALLEGATIONS**

11.     The content of the FLSA speaks for itself.  Denied that the Plaintiff not paid minimum wage or overtime in violation of the FLSA.

12.     The allegations in Paragraph 12 are denied.

13.     Admitted that the Plaintiff drove a van for Defendant Kaluah transporting its customers.  The allegations regarding the Plaintiff's work activities, schedule, and hours are denied.

14.     The allegations in Paragraph 14 are denied.

15.     The allegations in Paragraph 15 are denied.

16.     The allegations in Paragraph 16 are denied.

17.     The allegations in Paragraph 17 are denied.

18.     The allegations in Paragraph 18 are denied.

19.     The allegations in Paragraph 19 are denied.

20.     The allegations in Paragraph 20 are denied.

21.     Without knowledge, therefore denied.

**COUNT I**
**VIOLATION OF THE FLSA'S MINIMUM WAGE**
**PROVISIONS AGAINST ALL DEFENDANTS**

22.     The Defendants reassert their responses to paragraphs 1 through 21.

23.     The allegations in Paragraph 23 are denied.

24.     The allegations in Paragraph 24 are denied.

25.     The allegations in Paragraph 25 are denied.

Any and all relief sought in the WHEREFORE clause following Paragraph 25 should be denied.

**COUNT II**
**VIOLATION OF THE FLSA'S OVERTIME**
**PROVISIONS AGAINST ALL DEFENDANTS**

26.     The Defendants reassert their responses to paragraphs 1 through 21.

27.     The allegations in Paragraph 27 are denied.

28.     The allegations in Paragraph 28 are denied.

29.     The allegations in Paragraph 29 are denied.

Any and all relief sought in the WHEREFORE clause following Paragraph 29 should be denied.

## COUNT III
## RETALIATION

30.     The Defendants reassert their responses to paragraphs 1 through 21.

31.     The history and content of the FLSA speak for themselves.  Denied that the Defendant has violated the FLSA.

32.     The allegations in Paragraph 32 are denied.

33.     The allegations in Paragraph 33 are denied.

34.     The allegations in Paragraph 34 are denied.

35.     The allegations in Paragraph 35 are denied.

36.     The allegations in Paragraph 36 are denied.

Any and all relief sought in the WHEREFORE clause following Paragraph 36 should be denied.

## COUNT IV
## VIOLATION OF THE FLORIDA'S PRIVATE SECTOR
## WHISTLEBLOWER LAW AGAINST DEFENDANT KALUAH

37.     The Defendants reassert their responses to paragraphs 1 through 21.

38.     Admitted.

39.     The allegations in Paragraph 39 are denied.

40.     The allegations in Paragraph 40 are denied.

Any and all relief sought in the WHEREFORE clause following Paragraph 40 should be denied.

4

## COUNT V
## UNPAID WAGES CLAIM AGAINST DEFENDANT KALUAH

41.     The Defendants reassert their responses to paragraphs 1 through 21.

42.     The allegations in Paragraph 42 are denied.

43.     The allegations in Paragraph 43 are denied.

Any and all relief sought in the WHEREFORE clause following Paragraph 43 should be denied.

Any allegations not specifically admitted herein are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without conceding that the Defendants bear the burden of proof or persuasion as to any issue, they assert the following Defenses and Affirmative Defenses to the Plaintiff's Complaint:

## FIRST DEFENSE

Any actions by the Defendants were taken in good faith, without malice, and were based on the Plaintiff's work performance.

## SECOND DEFENSE

Any actions by the Defendants were taken for legitimate business reasons and not for any unlawful purpose/motive.  There was no retaliatory animus involved in any action involving the Plaintiff.  Alternatively, while the Defendants deny they retaliated against the Plaintiff, should a finder of fact determine that any of the Defendants' actions were based on a retaliatory motive, the Defendants assert that any or all of them would have engaged in the same action regardless of such motive.

### THIRD DEFENSE

The Plaintiff is barred from recovery of damages, or alternatively, such damages are to be reduced by his interim earnings and benefits, and to the extent he has failed to mitigate his losses and damages.

### FOURTH DEFENSE

The Plaintiff's claims fail to the extent he failed to satisfy any conditions precedent to this action.

### FIFTH DEFENSE

The Plaintiff engaged in conduct that precipitated some of the actions of which he now complains.  Therefore, the Plaintiff, by his own conduct, has unclean hands.

### SIXTH DEFENSE

The Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

### SEVENTH DEFENSE

To the extent the Plaintiff states a claim; his damages are subject to all applicable damages caps or limitations.

### EIGHTH DEFENSE

Without admission of liability or wrongdoing, the Defendants state that at all times they acted in good faith and any act or omission complained of was in conformity with and in reliance on the administrative regulations, orders, rulings, approval, or the interpretation of the administrator of the Wage and Hour Division of the Department of Labor or any

administrative practice or enforcement policy of that agency, and that the Plaintiff's claims are barred by 29 U.S.C. §§ 259 and 260.

## NINTH DEFENSE

At all times relevant, the Defendants acted, or failed to act, in good faith and in compliance with all applicable statutes and regulations, and it had reasonable grounds to believe that their actions, or their failures to act, did not violate the FLSA.

## TENTH DEFENSE

The Plaintiff is estopped from bringing this cause of action, because, among other things, he accepted the denominated rate of pay, and/or failed to comply with the prevailing terms, conditions, policies, and procedures governing his employment.

## ELEVENTH DEFENSE

Without admitting any wrongdoing or liability, the Defendants' actions were not willful violations of the FLSA.

## TWELFTH DEFENSE

The Plaintiff is not entitled to additional compensation for time he spends waiting to be engaged.

## THIRTEENTH DEFENSE

The Plaintiff was exempt from overtime under the FLSA.

## FOURTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## <u>FIFTEENTH DEFENSE</u>

Defendants Fabiana Ribiero and Manuela Carvalho were not the Plaintiff's "employers" and are not liable under the FLSA.

### <u>Reservation of Rights</u>

The Defendants reserve the right to assert any and all additional defenses as may be determined necessary during the course of discovery.

Dated:  June 14, 2016

Respectfully submitted,

s/James W. Seegers
James W. Seegers
Florida Bar No. 122531
E-mail:  jseegers@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida  32802-0112
Phone:  (407) 649-4000
Fax:  (407) 841-0168

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

> Joseph E. Blitch
> jblitch@pilacek.com
> Thomas J. Pilacek & Associates
> Winter Springs Town Center
> 158 Tuskawilla Road, Suite 2320
> Winter Springs, FL 32708

s/James W. Seegers
James W. Seegers

608983621.1